IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00832-BNB

GAZI ABUMEZER,

Applicant,

v.

RON WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 11 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant Gazi Abumezer[1] is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Abumezer initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on May 15, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On June 9, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. On June 19, 2008, Mr. Abumezer filed a reply to the preliminary response.

The Court must construe the documents filed by Mr. Abumezer in this action liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

---

[1] Respondent refers to Applicant as Gazi Abu Mezer in the preliminary response and that is how Applicant's name appears in various BOP records submitted to the Court in this action. The Court will refer to Applicant as Gazi Abumezer in this order because that is how Applicant's name appears in the habeas corpus application.

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Abumezer is challenging the validity of a prison disciplinary conviction. Mr. Abumezer was charged with the prison disciplinary offense of threatening another with bodily harm in Incident Report Number 1572537. Following a disciplinary hearing on March 2, 2007, Mr. Abumezer was found guilty of a different offense, refusing to obey an order. Mr. Abumezer challenged the disciplinary conviction through the administrative grievance procedure and was granted a new hearing based on a procedural error. Following the rehearing on June 1, 2007, Mr. Abumezer again was convicted of the disciplinary offense of refusing to obey an order. Mr. Abumezer filed a new grievance challenging the process he received at the June 1 hearing. After another procedural error was found, the matter again was returned to the institution for further review with a recommendation that the incident report be expunged. The disciplinary conviction was reinstated on August 23, 2007, without a new hearing being held.

Mr. Abumezer sought informal relief and he filed two formal grievances challenging the disciplinary conviction reinstated on August 23, 2007. Mr. Abumezer's first formal grievance challenging the reinstated August 23 conviction was filed on October 14, 2007, and assigned case number 470576. On October 22, 2007, grievance number 470576 was denied at the institutional level on procedural grounds because it was not submitted through the proper person and it was untimely. On November 2, 2007, grievance number 470576 was denied at the regional level for the

same reasons. On January 8, 2008, grievance number 470576 was denied at the national level as untimely and based on agreement with the institution's reasoning for rejecting the appeal.

Mr. Abumezer's second formal grievance challenging the disciplinary conviction reinstated on August 23, 2007, was filed on October 22, 2007, and assigned case number 471301. On October 29, 2007, grievance number 471301 was denied at the institutional level on procedural grounds because it was untimely. On November 9, 2007, grievance number 471301 was denied at the regional level because it had not been submitted through the proper person and it was untimely. On December 11, 2007, grievance number 471301 was denied at the national level as untimely and based on agreement with the institution's rejection of the appeal.

Mr. Abumezer asserts three claims for relief contending that he has been denied due process. He first claims that he was denied due process at the disciplinary hearing held on March 2, 2007, because he did not receive adequate notice of the charge of refusing to obey an order. Mr. Abumezer's second due process claim relates to the June 1, 2007, rehearing. He contends in his second claim that the June 1 rehearing on the charge of refusing to obey an order was untimely. Mr. Abumezer's third claim is that he was denied due process when the disciplinary conviction was reinstated on August 23, 2007, without a new hearing.

Respondent argues that this action should be dismissed because Mr. Abumezer has failed to exhaust administrative remedies. Respondent concedes that Mr. Abumezer has exhausted administrative remedies for his first claim and that he arguably has exhausted administrative remedies for his second claim. However,

3

Respondent maintains that Mr. Abumezer has failed to exhaust administrative remedies for his third claim because that claim was not raised in a timely and proper manner. Respondent further maintains that the entire action should be dismissed as a mixed petition because all three due process claims relate to the same incident report.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Abumezer. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a).

The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Mr. Abumezer does not dispute the fact that his formal grievances and appeals challenging the disciplinary conviction reinstated on August 23, 2007, were rejected on procedural grounds. However, he argues that his grievances should not have been rejected as untimely because the delays in filing the grievances were caused by circumstances beyond his control and he exercised due diligence in pursuing his administrative remedies. In particular, Mr. Abumezer alleges that he did not know the disciplinary conviction had been reinstated until some time in October 2007.

Mr. Abumezer apparently raised his arguments for seeking an extension of time in his formal grievances and appeals challenging the reinstatement of the disciplinary conviction. Those arguments obviously were deemed to lack merit by the BOP and Mr. Abumezer fails to demonstrate in this action that he somehow was prevented from filing a timely grievance. However, even assuming Mr. Abumezer could demonstrate that his grievances should not have been denied as untimely, he still fails to demonstrate that he filed his grievances with the proper prison official as required by the administrative

remedy procedure. Mr. Abumezer may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the Court finds that Mr. Abumezer failed to exhaust administrative remedies for his third claim for relief in this action, the due process claim challenging the validity of the disciplinary conviction reinstated on August 23, 2007.

As noted above, Respondent concedes that Mr. Abumezer exhausted administrative remedies for his first claim and that he arguably exhausted administrative remedies for his second claim. Although Respondent argues that the entire action should be denied as a mixed petition, the Court does not find that a total exhaustion rule applies to this habeas corpus action pursuant to 28 U.S.C. § 2241. *See Jones v. Bock*, 127 S. Ct. 910, 924-26 (2007) (rejecting application of a rule requiring total exhaustion of administrative remedies under the Prison Litigation Reform Act). The total exhaustion rule that applies in habeas corpus cases pursuant to 28 U.S.C. § 2254 is based on comity and federalism concerns, *see id.* at 924, that are not applicable in this habeas corpus action brought by a federal prisoner challenging a prison disciplinary conviction.

Regarding the merits of Mr. Abumezer's first two claims for relief, the Court finds that those claims should be dismissed as moot. Mr. Abumezer's first claim relates to his initial disciplinary hearing on March 2, 2007, and his second claim relates to the first rehearing of the disciplinary charge on June 1, 2007. Mr. Abumezer already has successfully challenged the initial hearing and the first rehearing through the administrative remedy procedure and the disciplinary conviction was reinstated on

August 23, 2007. Neither of Mr. Abumezer's first two claims can provide the relief he seeks in this action, which is expungement of Incident Report Number 1572357, restoration of the good time credit he lost as a result of the disciplinary conviction, and placement in the prison step-down program. The relief Mr. Abumezer seeks cannot be obtained unless he successfully challenges the August 23, 2007, reinstatement of his disciplinary conviction. Therefore, because Mr. Abumezer's first two claims for relief do not challenge in any way the reinstatement of the disciplinary conviction on August 23, 2007, those claims are moot and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Mr. Abumezer's first two claims for relief are moot and he failed to exhaust administrative remedies for his third claim for relief.

DATED at Denver, Colorado, this 11 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00832-BNB

Gazi Abumezer
Reg. No. 48705053
USP - MAX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/11/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk